THE CAPITOL INSURANCE COMPANY V. THE BANK OF
PLEASANTON.

48 397
48 401
48 397
50 453
50 449

1. CASE, *Followed.* The case of *Capitol Insurance Co. v. Bank of Blue Mound,* just decided, followed.

2. INSURANCE — *Action on Policy — Evidence.* Where a plaintiff brings an action upon a fire insurance policy to recover for the loss of a building destroyed by fire, and alleged in his petition that "he made out and delivered to the insurance company proofs of loss in regular form, as required by the policy, and that he had done and performed all of the conditions of the policy," and further alleged that the insurance company "denied all liability under the policy," it is competent for him, in support of his petition, to introduce upon the trial of his action a letter from the insurance company, written by an officer thereof having authority so to do, informing him "that the company had received his proofs of loss, but denied all liability upon the policy, and held his proofs of loss subject to his order," as showing that the company had received from him proofs of loss and made no objection to the form thereof, but offered to return the same to him because the company denied all liability.

3. CASES, *Followed.* The cases of *M. V. Rld. Co. v. Caldwell,* 8 Kas. 244, and *Mitchell v. Milhoan,* 11 id. 617, followed.

*Error from Linn District Court.*

THE opinion states the facts. Judgment for the plaintiff *Bank,* on June 10, 1889. The defendant *Company* brings the case here.

*D. R. Hite,* for plaintiff in error.

*S. H. Allen,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below, brought by the Bank of Pleasanton to recover $400 and interest, upon a fire insurance policy issued by the Capitol Insurance Company. The policy was issued on the 14th day of June, 1888, on a one-story frame building, situate in Blue Mound, Linn county, in this state. A premium of $16 was paid in cash to the insurance company at the time the policy

was obtained. The building was destroyed by fire on the 2d of November, 1888. The case was tried by the court without a jury, by consent of the parties. Judgment was rendered in favor of the bank and against the insurance company for ·$414 and costs. The insurance company complains of the judgment and rulings of the trial court. As the by-laws of the insurance company attached to the policy were not signed by the president and secretary of the company or the insured, as prescribed by the statute under which the policy was issued, we cannot consider them as a part of the policy, and, therefore, one question only remains for our consideration. (*Capitol Insurance Co. v. Bank of Blue Mound*, just decided.)

It is alleged that the bank, over the objection of the insurance company, introduced evidence upon the trial tending to show a waiver by the company of the proofs of loss required by the policy. In its petition the bank alleged that "it made out and delivered to the insurance company proofs of loss in regular form, and that it had done and performed all of the requirements and conditions of the policy." It also alleged in the petition that the insurance company "denied all liability under the policy." The policy required that the insured, after sustaining any loss or damage by fire, "should give notice in writing forthwith of its loss to the company, accompanied with a copy of the written portion of the policy." The insurance company, in its answer, denied all of the allegations contained in the petition, but admitted the execution of the policy sued on, and then alleged a breach of the conditions thereof under the policy of the company, on account of misstatements or false representations in the application of the bank concerning the ownership or title of the property insured and an alleged incumbrance thereon. As a rule, a waiver of proofs of loss cannot be proved unless it is within the issues made by the pleadings. (*Insurance Co. v. Johnson*, 47 Kas. 1; same case, 27 Pac. Rep. 100; *Insurance Co. v. Thorp*, ante, p. 239; same case, 28 Pac. Rep. 991.)

On December 8, 1888, about 35 days after the building had

been destroyed by fire, the insurance company, through one of its officers, wrote to the bank as follows:

"We are advised by our attorneys, after a careful examination, that we are not liable to you under our policy No. 4207, for any loss or damage to property, as stated in your purported proofs of loss. Denying liability as we do, we hold said proofs of loss subject to your order."

It appears from the evidence introduced before the letter was admitted that the bank had shown it had sent proofs of loss after the fire to the insurance company, and that it had received from the company this letter in answer. This letter, therefore, was competent, as tending to show that the insurance company had received the proofs of loss, as alleged, and took no exception to their form, but "denied all liability under the policy," and offered, for that reason, to return the proofs. This case, therefore, differs from the cases cited, holding that, in absence of proper issues, proof of waiver cannot be made. Again, this case was tried by the court without a jury. The evidence of the denial of all liability under the policy was the letter or writing from the insurance company. Even if there was any variance between the issues presented and the evidence received, such variance is so slight in this case that the petition might be considered as amended to conform to the facts proved. (*M. V. Rld. Co. v. Caldwell*, 8 Kas. 244; *Mitchell v. Milhoan*, 11 id. 617.)

The judgment of the district court will be affirmed.

VALENTINE, J., concurring.

JOHNSTON, J.: I concur in the judgment of affirmance, and I rest my concurrence in the second and third propositions of the syllabus, upon the grounds stated in the dissenting opinion in *Home Insurance Co. v. Thorp*, ante, p. 239; same case, 28 Pac. Rep. 993.