THE CAPITOL INSURANCE COMPANY v. THE BANK OF
PLEASANTON.

FIRE INSURANCE — *Title of Property* — *Knowledge of Agent.* The knowledge of the general agent of an insurance company, who writes and issues a policy of insurance, concerning the title of the premises insured, is the knowledge of the insurance company.

*Motion for Rehearing.*

THE facts are stated in *Insurance Co. v. Bank of Pleasanton*, 48 Kas. 397, *et seq.*, and in the opinion herein, filed January 7, 1893.

*D. R. Hite*, for plaintiff in error.

*S. H. Allen*, for defendant in error.

*Per Curiam:* In the opinion handed down, (*Insurance Co. v. Bank of Pleasanton*, 48 Kas. 397,) the by-laws attached to the insurance policy were not considered a part thereof, and the case was disposed of without any reference thereto.   It is now urged that the validity of the by-laws and policy were never questioned in the district court; and also that, as the insurance company is a mutual one, the assured was bound to know and abide by the by-laws, whether attached to the policy or not.   Assuming that the by-laws were binding on the assured, we will notice the objections presented in the original briefs to the judgment.   It appears that the policy was issued on June 14, 1888.   The building was destroyed by fire on the 2d day of November, 1888.   The fire originated some distance west of the building insured, and spread over a large district, destroying the greater part of the business portion of Blue Mound.   On November 12, 1888, D. R. Hite, the general agent of the company, appeared, and examined J. D. Cozad with reference to the loss under the policy.   On the 4th of December, 1888, proofs of loss were made by Mr. Saunders, cashier of the bank, and sent to the company.   On December 8, 1888, Hite wrote, acknowledging the receipt of the

proofs, but denying all liability. As the proofs of loss were made out and sent to the company soon after the fire, and as these proofs were not excepted to or returned, we must assume that the notice given and proofs furnished were satisfactory and sufficient. The original opinion states fully all that is necessary to be said concerning the admission in evidence of the letter of D. R. Hite. A provision in the by-laws is as follows:

"This policy shall be void . . . when the interest of the assured in the subject and each item thereof shall be less than the entire, unconditional, undisputed, sole legal title and ownership, free from liens, unless in the application the exact and true interest shall appear."

The evidence showed that at the time the policy was issued Cozad, Glucklich & Co. occupied the building. Harry Worland had the legal title to the premises on which the building was situated on the 2d of February, 1886, and on that date executed to this firm a bond for a deed when certain sums of money, amounting to $3,000, were paid. On the 9th of July, 1887, H. C. Worland and wife executed a deed to the premises to the Bank of Pleasanton, and at the date of the policy the bank held the legal title thereto. Cozad, Glucklich & Co. had, under their bond and an arrangement with the bank, an equity in the premises. The policy was issued and countersigned by W. A. Eahart, the agent of the company, residing at Blue Mound, on the verbal application of J. D. Cozad, of the firm of Cozad, Glucklich & Co., by whom the premium of $16 was paid in cash. One thousand dollars had been paid at the time of the fire upon the bond by Cozad, Glucklich & Co., leaving a balance of $2,000 not yet due. It is therefore urged that, under the by-laws and within the terms of the policy, the plaintiff below was not entitled to recover, because its interest was less than the entire, unconditional, undisputed, sole legal title and ownership of the premises, free from liens.

The plaintiff below, upon the trial, claimed that knowledge of the agent Eahart, who wrote the policy, was knowledge of

the insurance company, and that, as knowledge by the agent was shown, the company was estopped. (*Sullivan v. Phœnix Ins. Co.*, 34 Kas. 170; *Continental Ins. Co. v. Pearce*, 39 id. 396; *Insurance Co. v. Barnes*, 41 id. 161; *Insurance Co. v. Gray*, 43 id. 502; *Insurance Co. v. Gray*, 44 id. 731; *Phœnix Insurance Co. v. Weeks*, 45 id. 751.)

On the part of the company, it is contended there was a failure of proof that, at the time of the application, Eahart, the agent, was informed concerning the actual condition of the title of the premises. The evidence discloses that, a few months before the policy was issued, information was given to him respecting the actual condition at that time of the title. Eahart, the agent, testified as follows:

"Q. When Mr. Cozad made application to you for insurance, did he inform you in whose name he wanted to insure? A. The Bank of Pleasanton.

"Q. Are you sure of that? A. I think so; yes.

"Q. Did you know then the condition of the title to lot 2? A. If it had been mentioned at the time I would have known it; but I didn't think anything about it. That is just about the condition of my recollection.

"Q. Did Mr. Cozad ask you to insert in the policy anything with reference to the title? A. That is, first?

"Q. Yes, sir. A. No, sir.

"Q. On the back of this policy here is an application. Now, at whose dictation was that made, if anyone? A. Mr. Cozad asked me to write insurance on that building on that lot.

"Q. Did he first dictate to you the answers to those questions? A. No sir; I answered them from what knowledge I had. I cannot tell you exactly. Mr. Cozad asked me one day in the store, or near it, if I could insure that building at so much. I told him I could, I thought, and he says, 'Go ahead and write it then, or try it,' and I think now he said, 'Recollect it is to the Bank of Pleasanton;' and I went off and wrote it. That is all there was of it; that is just about all the conversation there was of it."

We think, taking all of the evidence together, there was sufficient to show that the agent knew all about the title of the property at the time he issued the policy. He, from his

own knowledge, answered in writing the inquiries in the application for the insurance. (*Insurance Co. v. Wood*, 47 Kas. 521.) Neither J. D. Cozad, who made the application for the insurance and paid the premium in cash, nor the bank to which the policy was issued, made any misrepresentation or untruthful statements to Eahart, the agent of the insurance company, concerning the premises or the title thereof. The building was insured for $400; it was worth from $500 to $600—the value being larger than the amount of the insurance. The bank not only held the legal title to the premises, but its interest therein was $2,000.

Cozad, Glucklich & Co., the firm having an equitable interest in the premises, and the Bank of Pleasanton, holding the legal title—all the parties interested in any way in the property—seemed to have joined in obtaining the insurance for the bank. Under the facts, there was no fraud, deceit or wrong committed by the equitable owners, or the bank holding the legal title. The insurance company has received in cash the premium named in the policy. The fire was wholly accidental, and there is no substantial reason why the judgment rendered should not be paid, in accordance with the provisions of the policy and the statutes of the state.

There was no material error on the part of the trial court in refusing to receive in evidence the bond for a deed given by Harry Worland to Cozad, Glucklich & Co., because the deed referred to that instrument, and there seems to have been no dispute between the parties as to the terms under which Cozad, Glucklich & Co. were in the possession of the premises, and that the legal title of the same was in the Bank of Pleasanton.

The motion for a rehearing will be denied.