THE HARTFORD FIRE INSURANCE COMPANY v. F. D. McCARTHY *et al.*

No. 13,704.  (77 Pac. 90.)

SYLLABUS BY THE COURT.

1. INSURANCE POLICY — *Condition of Title Waived by Knowledge of Agent.* Where a policy of insurance contained the condition that if the interest of the assured be or become other than the entire, unconditional, unencumbered and sole ownership of the property, the policy should be void unless otherwise provided by agreement indorsed thereon, and such policy was issued by an agent having authority to issue policies of insurance and consummate the contract, and such agent at the time of the issuing of the policy had knowledge of an encumbrance upon the premises, but made no indorsement of it thereon, it is *held*, that the company waived the condition of the policy.

2. ——— *Mistake of Agent in Indorsing Payment Clause May be Corrected by Court.* Where such agent, with full knowledge of the encumbrance upon the premises and the condition of the title, when sold upon deferred payments undertakes to indorse upon the policy a payment clause to protect the parties interested, and by mistake fails to make it sufficient, it is *held*, in an action to recover upon the policy, that such clause may be reformed to correct the mistake and to conform to the intention of the party making the same.

Error from Harper district court; P. B. GILLETT, judge.  Opinion filed June 11, 1904.  Affirmed.

*Fyke Bros.*, and *Snider & Richardson*, for plaintiff in error.

*E. C. Wilcox*, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J. : This action was commenced by F. D. McCarthy to recover on a fire-insurance policy issued by the Hartford Fire Insurance Company. That the interest of Henrietta Holmes, under a payment clause attached to the policy, might be determined in the action, she was made a party defendant. A trial before the court resulted in judgment for plaintiff, F. D. McCarthy, for $150, with an attorney's fee of $100, judgment for defendant Henrietta Holmes for $450, and the reforming of the payment clause attached to the policy. The defendant insurance company brings error.

On November 15, 1900, J. N. Bailey, agent of the insurance company at the city of Hutchinson, issued the policy sued on to E. C. Hoffman, who was the owner of the premises upon which the dwelling insured was located, subject to a mortgage encumbrance of $200. The company insured the property for $600 against loss by fire for a period of five years. The agent's attention was at the time called to the fact that there was a $200 mortgage on the premises, but he indorsed no mortgage clause on the policy. In March, 1901, Hoffman sold the premises to defendant Henrietta Holmes, subject to the mortgage encumbrance. Hoffman assigned the policy to Mrs. Holmes, and J. N. Bailey, as agent of defendant, consented to the assignment. Subsequently, in March, 1902, Henrietta Holmes sold the premises to plaintiff for $750, he assuming the payment of the balance of $150 on the mortgage encumbrance as a part of the purchase-price. The sale to plaintiff provided for the payment of fifty dollars cash, fifty dollars on the 8th day of May, and ten dollars on the 8th of each succeed-

ing month, in accordance with the terms of a written contract.   The contract and insurance policy, together with a deed for the premises to McCarthy, were placed with the First National Bank of Hutchinson in escrow, to be delivered to plaintiff when he should have fully complied with the terms of the contract.   In May the following assignment was indorsed upon the policy :

"HUTCHINSON, KAN., May 16, 1902.

"For value received, I hereby assign, transfer and set over to F. D. McCarthy all my right and interest to the within policy.       HENRIETTA HOLMES.

"The within company hereby consents to the above assignment.          J. N. BAILEY, *Agent.*"

On the same day J. N. Bailey, as agent of defendant, indorsed upon the policy the following payment clause :

"Loss, if any, under this policy, to be adjusted with the assured herein named, and payable to Henrietta Holmes as her interest may appear, subject to all the terms and conditions of this policy.
             J. N. BAILEY, *Agent.*"

Plaintiff took possession of the premises under the contract and with his family occupied the same as a home.   On September 8 the dwelling was totally destroyed by fire.   Plaintiff had paid on the contract to Henrietta Holmes the sum of $220 ; the sum of $50 on the mortgage encumbrance ; and had made no default in the requirements of the contract.   Defendant denied liability and refused to pay the loss, assigning as its reason therefor that the policy was void because at the time of the fire plaintiff was not the absolute owner of the premises.   The policy sued upon contained a condition providing, in substance, that it should be void if the building insured stood on ground not owned by the assured in fee simple, unless

otherwise provided by agreement indorsed in writing on the policy.

In his petition plaintiff averred knowledge of the mortgage encumbrance by J. N. Bailey, the agent of defendant, and alleged waiver thereof. He also averred that the clause indorsed on the policy by J. N. Bailey, agent, subsequently to the sale of the premises to plaintiff, was made with the full knowledge of defendant of the condition of the title at the time; that the agent of defendant intended to make the indorsement show that the company consented to the condition of the title, but failed to do so on account of mutual mistake and clerical error, and asked that said clause indorsed on the policy be reformed to conform to the purpose desired and to the intention of the parties.

The insurance company offered no testimony. It stood upon its demurrer to the evidence of plaintiff and of defendant Henrietta Holmes, which the court overruled. The trial court made findings of fact and conclusions of law. Among numerous other findings, the court found that J. N. Bailey was the general agent of defendant, authorized to issue policies of insurance and waive conditions therein; that he knew of the existence of the mortgage encumbrance at the time of the issuing of the policy; that he knew of the terms of the sale of the premises by Henrietta Holmes to plaintiff, and knew at the time he indorsed the clause upon the policy the condition of the title; and that there was a balance of $150 due upon the mortgage encumbrance; that at the time he made the indorsement of said clause upon the policy he intended that it should protect the interests of plaintiff and of defendant Henrietta Holmes in said property, but, through mistake, it failed to do so. The court ad-

judged that the policy be reformed so that the indorsement thereon should waive all claims relative to the imperfect condition of title. There was evidence to support the findings made by the court, and these findings were sufficient to sustain the judgment. (*Insurance Co. v. Bank of Pleasanton*, 50 Kan. 449, 31 Pac. 1069; *Insurance Co. v. York*, 48 id. 488, 29 Pac. 586; *Insurance Co. v. Wood*, 47 id. 521, 28 Pac. 167; *Insurance Co. v. Gray*, 43 id. 497, 23 Pac. 637; *Insurance Co. v. Barnes*, 41 id. 161, 21 Pac. 165.) Plaintiff could ask a reformation of this clause to correct the mistake and make the clause conform to the intention of the party making it, and upon the trial support his claim of mistake by parol evidence. (11 Encyc. Pl. & Pr. 378; *Schaefer v. Mills*, ante, p. 25, 76 Pac. 436.)

Counsel for the insurance company submitted in writing certain propositions of law, and asked that the court declare the law in the case in accordance therewith. In refusing this request the court committed no error. While it is in conformity with the practice adopted in the courts of some of the states, the civil code makes no provision for such practice, nor has it been adopted by the courts of this state.

The defendant also submitted certain interrogatories to the court and requested findings of fact in answer to the same. While the court did not answer the specific interrogatories submitted, the record discloses that the findings of fact made fully covered the findings requested.

No material error appearing in the record, the judgment of the trial court will be affirmed.

All the Justices concurring.