THE QUEEN INSURANCE COMPANY OF AMERICA v. C.
C. STRAUGHAN.

No. 13,790.   (78 Pac. 447.)

SYLLABUS BY THE COURT.

FIRE INSURANCE— *Vacancy Clause Held Waived by Agent.* Where
a policy of insurance contained the condition that it should
be void if the building insured thereby be or become vacant
or unoccupied and so remain for a period of ten days, unless
otherwise provided by agreement indorsed thereon, and such policy
was issued by an agent having authority to issue policies of in-
surance and consummate the contract, and the agent at the
time the policy was issued had knowledge that the building was
then vacant and unoccupied, and thereafter and within ten days,
upon request of the assured, agreed to indorse a vacancy permit
on the policy, but failed to do so, and the assured relied upon
the acts and agreement of the agent, *held,* that the insurance
company waived the condition of the policy, and was liable for
a loss by fire occurring while the building continued vacant and
unoccupied.

Error from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed November 5, 1904.
Affirmed.

*Reed, Yates, Mastin & Howell,* and *C. T. Atkinson,*
for plaintiff in error.

*L. C. Brown,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J.: This action was brought by C. C.
Straughan against the Queen Insurance Company of
America to recover a loss by fire on a policy for $1700
issued to plaintiff by defendant. The trial was before
the court and a jury, resulting in a verdict and judg-
ment for plaintiff in the sum of $1500.

The policy of insurance sued upon was issued to
plaintiff on the 26th day of February, 1901, through

P. L. Snyder, defendant's local agent at Arkansas City, where the property was situated. The policy insured plaintiff against loss by fire; on his dwelling in the sum of $1200, and on walks, fences and trees in the sum of $500. Concurrent insurance was permitted on the dwelling. At the time of the loss by fire, March 12, 1901, there was upon the dwelling concurrent insurance in the sum of $1300 in the Providence Washington Insurance Company, placed thereon February 26, 1901, by said P. L. Snyder, who was also the local agent of said company at Arkansas City.

The dwelling was vacant at the time the fire occurred. The policy sued upon contained a clause providing, in substance, that the policy should be void if the building insured thereby be or become vacant or unoccupied and so remain for a period of ten days, unless otherwise provided by agreement indorsed on the policy. On the part of plaintiff it was claimed that this provision of the policy had been waived by defendant, through its agent, Snyder, who had actual knowledge at the time the policy was issued that the house was vacant; that on the 7th day of March, less than ten days from the date of the issuing of the policy, plaintiff had requested the agent, Snyder, to indorse upon the policy a permit to make repairs, and also a permit for thirty days' vacancy of the building; that the agent, Snyder, stated at the time that he would place such indorsements upon the policy; that he did on said day place an indorsement upon the policy giving to plaintiff the right to make repairs, but omitted to add the vacancy clause, of which omission plaintiff had no knowledge until after the fire, and that defendant, through its agent, Snyder, had thereby waived the placing of an indorsement of a vacancy clause upon the policy. Defendant denied a

waiver, and denied the authority of the agent, Snyder, to make such waiver, there being a clause in the policy to the effect that no agent or officer of the company could waive any of the provisions of the policy otherwise than in writing indorsed thereon.

Snyder was the agent of defendant, with authority to issue and countersign policies of insurance and collect premiums, and occasionally he adjusted losses. Such an agent may waive the conditions of a policy otherwise than in writing indorsed thereon. (*Am. Cent. Ins. Co. v. McLanathan*, 11 Kan. 533; *Insurance Co. v. Barnes*, 41 id. 161, 2 Pac. 165; *Insurance Co. v. Gray*, 43 id. 497, 23 Pac. 637; *Insurance Co. v. McCarthy*, 69 id. 555, 77 Pac. 90.)

Upon the trial plaintiff, with reference to the vacancy of the dwelling, testified to the state of facts claimed by him as a waiver. Snyder, the former agent of defendant, testified to the same facts, and gave as his reason for not indorsing a vacancy clause upon the policy that he did not think it necessary to do so, because he knew the premises were vacant at the time the policy was issued and at the time the indorsement was requested by plaintiff. This knowledge of the agent was knowledge of the company. (*Insurance Co. v. Bank of Pleasanton*, 50 Kan. 449, 31 Pac. 1069.) The verdict of the jury was a finding that the insurance company had waived the indorsement of a vacancy clause upon the policy, and we think there was sufficient evidence to justify this finding.

Plaintiff in error cites *Insurance Co. v. Russell*, 65 Kan. 373, 69 Pac. 345, 58 L. R. A. 234, and contends that it denies the right of defendant in error to recover. That case is not in point. There the policy contained a provision that it should be void if the buildings be or become vacant. The build-

ings insured became vacant and unoccupied, and continued so for a period of twelve days, without the knowledge or consent of the insurance company, but were reoccupied before the loss occurred.   The question of waiver did not arise, and the point decided was that a policy of insurance containing such a provision became forfeited immediately upon the vacancy of the buildings without the knowledge and consent of the company, and that the reoccupancy of the buildings did not operate to revive the policy.

The next objection of the insurance company is that the proof of loss did not conform to the requirements of the policy.   The plaintiff contends that the proof of loss had been waived by the agent of the insurance company.   It is well settled that an insurance company may waive its right to notice and proof of loss, and that such a waiver may be made by its agent. (*Insurance Co. v. Munger*, 49 Kan. 178, 30 Pac. 120.) If the proof of loss was insufficient, there was evidence before the jury that its sufficiency had been waived by the agent of the insurance company, and the verdict of the jury renders further consideration of this matter unnecessary.

The contention of the insurance company that there had been no arbitration to ascertain the amount of the loss before the commencement of this action is also concluded by the verdict of the jury.   There is much evidence in the record tending to show that the loss was a total one within the rule announced in *Insurance Co. v. Heckman*, 64 Kan. 388, 67 Pac. 879, in which event there was nothing to arbitrate, and there is also evidence that, if the insurance company ever demanded arbitration, it was subsequently waived by the company through its agent, Snyder.

The instructions given by the court fairly state the

Railroad Co. v. Werner.

law applicable to the case, and no error was committed in refusing to give the instructions requested by the defendant. Nor do we find any prejudicial error in the rulings on evidence.

The judgment is affirmed.

All the Justices concurring.