[L. A. No. 4085. Department Two.—December 28, 1917.]

## D. W. CLARK, Appellant, v. FREDERICK A. CASSELMAN et al., Respondents.

APPEAL — RECORD — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS OF ERROR — SUFFICIENCY.—Specifications which though not elaborate clearly raise the points invoked and advise the respondents of the errors believed to have been committed are sufficient.

FIRE INSURANCE—MORTGAGE—FORECLOSURE BY SUBROGATED INSURER—EVIDENCE.—In an action by the assignee of an insurer, which had paid a mortgagee a fire loss on mortgaged property and claimed subrogation to the rights of the mortgagee, under a clause in the policy providing for such subrogation, if it should pay the mortgagee any loss, when no liability therefor existed, evidence examined and found without support for a finding that it was not true that the insured owners and mortgagors had conveyed their interest in the property before the fire loss.

ID.—LOSS PAID TO MORTGAGEE—NOTICE AND PROOF—WAIVER.—Forfeiture of the rights of the insured, by failure to give notice or proof of loss as required by the contract, is not waived by payment of the loss to the mortgagee.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

Hindman & Yakey, for Appellant.

A. W. Sorenson, for Respondents.

MELVIN, J.—This is an appeal by plaintiff from the judgment.

The action was prosecuted by plaintiff as the representative and trustee of the Northwestern National Insurance Company of Milwaukee, that corporation being the real party in interest, seeking foreclosure in an action on a note and mortgage.

By the amended complaint it was alleged that Frederick A. and Lucile R. Casselman, on March 17, 1911, executed a note for one thousand two hundred dollars, payable to Lucien T. Swall, three years after date, and that said note was sup-

ported by a mortgage on certain described real property. It was also averred that upon breach of conditions of the note or mortgage the mortgagee under the terms of the contract might elect to declare due and payable the whole sum specified in the note; that the buildings on the mortgaged premises were required to be kept insured for one thousand two hundred dollars, at the mortgagor's expense; and that Frederick A. Casselman, on the 6th of May, 1911, delivered to Lucien Swall, the mortgagee, such a policy of the Northwestern National Insurance Company of Milwaukee. The terms of the policy are pleaded in the complaint, among them being the following paragraph:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his claim."

It was further set forth in the complaint that on or about February 27, 1912, a fire occurred which damaged a portion of the insured property; that prior to the fire the Casselmans had, without consent of the Insurance Company, bargained, sold, and conveyed their interest in said property to Walcott Earle Hill; that no proof of loss was made at any time as by the terms of the policy required; that on April 4, 1913, the Northwestern National Insurance Company claimed that as to the mortgagors or owners of the property insured no liability existed; that thereupon said corporation paid to Lucien Swall the full amount of the mortgage, taking from him assignment of the mortgage and note in the name of plaintiff as its trustee; that no part of the note or interest had been paid save the interest due March 17, 1913; and that on January 23, 1914, plaintiff elected to declare the whole of the note due and notified defendants of said election.

The court found the execution of the note and mortgage by the Casselmans as pleaded; the procuring in accordance with the provisions of the mortgage of the policy in favor of the mortgagee (the policy with certain assignments being set forth in the findings); that on or about February 27, 1912, the buildings insured were totally destroyed, the loss amounting to one thousand two hundred dollars; that no proof of loss was made as required by said policy; and that on April 4, 1913, the corporation paid Swall one thousand two hundred dollars in full satisfaction of the mortgage and took assignment of the note and mortgage to plaintiff for collection. There are further findings that there was no consideration paid for the assignment of the mortgage; that the note and mortgage had been fully paid, and that there was nothing due from defendants to plaintiff; that plaintiff, as alleged in his complaint, elected to and did declare the whole of the note due and payable, but that it was not true "that the defendants or either of them, failed to comply with the terms and conditions . . . of the note and mortgage"; and that none of the premiums on the insurance policy had been returned to Swall or to the defendants. Among the conclusions of law the court declared "that the plaintiff having come into a court of equity for the purpose of enforcing its demands against the defendants herein must do equity, and it is not equitable for the plaintiff herein to claim a forfeiture on a fully paid policy of insurance and not having offered to return the premiums fully paid, and that it is not equitable for the plaintiff to refuse to waive forfeitures and limitations of time, and under the facts as hereinabove found by this court it is not equitable that plaintiff should recover herein." Other conclusions were to the effect that the payment of one thousand two hundred dollars to Swall was in full satisfaction of the note and mortgage; that there was no consideration for the assignment of the said note and mortgage to the Insurance Company; that the debt evidenced by these documents was entirely extinguished by said payment; and that defendants were entitled to a decree that the note and mortgage be canceled and satisfied of record.

Respondents insisted in their initial brief, and still insist, that the appellant's specifications were so vague as to put them upon no notice of any asserted errors. They called attention in their first brief to the fact that the specifications

of insufficiency of evidence had been ordered stricken from the record by the trial court. Subsequently, this court made an order reinserting the matters sought to be stricken out by the trial court. While these specifications are not very elaborate, they are sufficient clearly to raise the points involved and to advise respondents of the errors which appellant believed had been committed. (*Owen* v. *Pomona Land & Water Co.,* 131 Cal. 530, [63 Pac. 850, 64 Pac. 253]; *Bell* v. *Staacke,* 141 Cal. 186–191, [74 Pac. 774].)

It will not be necessary to review all of the specifications of error. It is the theory of the appellant that the Casselmans had no rights under the policy for two reasons; first, because they had parted with their interest in the property, and, second, because, as no proofs of loss were furnished to the Insurance Company, the policy was void as to them. Taking the second contention first, we read in the record a finding that no proof of loss was made to the Insurance Company at any time under the policy of insurance. By the terms of the policy such proof of loss was essential to the maintenance of any claim. The court did find that it was not true that prior to the fire the Casselmans without the consent of the Insurance Company conveyed their right, title, and interest in the property to Walcott Earle Hill. This finding is attacked as being contrary to the evidence, and we must sustain appellant in his contention in this behalf. Plaintiff introduced in evidence a deed by the Casselmans to Hill duly executed, which had been acknowledged October 19, 1911, and recorded on the 31st of the same month. Mr. Casselman testified that he conveyed the property to Walcott Earle Hill at the date indicated by the deed. The fire, as found by the court under the undisputed proof, occurred on or about the twenty-seventh day of February, 1912. On May 13, 1912, after more than the sixty days allowed under the policy for proofs of loss, the corporation denied its liability to the Casselmans under its policy of insurance, and more than a year after the fire it paid the mortgagee, Swall, the amount of the policy and took an assignment of the note and mortgage under the subrogation clause. The policy was not assigned until long after the fire, when on March 10, 1913, it was assigned to Hill, who assigned it to Ida Wildey, but appellant contends that this was because it covered and was in force as to other property not burned.

It is apparent, therefore, that the judgment must be reversed because of the erroneous finding discussed above. As was held in the case of *Hare* v. *Headley,* 54 N. J. Eq. 545, [35 Atl. 445], forfeiture of the rights of the insured by reason of his failure to give notice or proofs of loss as required by the contract cannot be considered waived by the payment of loss to the mortgagee. And it was also held in that case that the insurer might be entitled to subrogation to the mortgagee's rights under a mortgage clause, although the contract between the Insurance Company and the mortgagee was an independent agreement and not, as in this case, part of the original policy.

The judgment is reversed.

Henshaw, J., and Victor E. Shaw, J., *pro tem.,* concurred.