No. 32,817

The Union Central Life Insurance Company, *Appellee,* v.
Claude J. Zehr and Lois E. Zehr, *Appellants.*

(57 P. 2d 51)

Opinion filed
May 9, 1936.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for
the appellants.

*J. S. Simmons, Alva L. Fenn, Herbert E. Ramsey,* all of Hutchinson, *Otis
Allen* and *George S. Allen,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: The action was one to foreclose a real-estate mort-
gage. The mortgagor claimed credit for the amount of insurance on
a building destroyed by fire, paid by the insurance company to the
mortgagee. The credit was disallowed, and defendants appeal.

Zehr and wife gave a real-estate mortgage to the Union Central
Life Insurance Company for $3,750. The Farmers Alliance Insur-
ance Company issued a fire insurance policy covering the dwelling
house on the land. A mortgage clause was attached, making loss
payable to the mortgagee, and providing the insurance should not
be invalidated on account of acts of the mortgagor. The dwelling
house was destroyed by fire. The fire insurance company paid to

the mortgagee the sum of $1,250, and took from the mortgagee an agreement that the mortgagee should account to the fire insurance company for a portion of the sums realized by the mortgagee on the note and mortgage.

The fire insurance company was a mutual company, organized under the laws of this state. The bylaws of the fire insurance company provided that the policy should be void if the property were encumbered by mortgage or if, to the knowledge of the assured, foreclosure proceedings had been commenced. When the policy was issued the property was encumbered by a second mortgage, on which foreclosure proceedings had been commenced. The result was, that so far as the dwelling house was concerned, the policy was void as between the fire insurance company and the mortgagor. By virtue of the mortgage clause, the insurance policy was good as between the mortgagee and the fire insurance company.

The policy covered household goods in the dwelling house. The fire insurance company settled with the owner for amount of loss and unearned premium, and the owner executed a written instrument releasing the fire insurance company from all liability on the policy. In trying to get some benefit of the insurance on the dwelling house, the owner asked that the settlement and release be set aside on the ground of fraud. The story follows:

The policy was a renewal of a former policy. An agent of the fire insurance company prepared an application from the data contained in the old policy, took the application to Zehr for signature, Zehr signed the application without reading it, and omission of reference in the application to the second mortgage and its foreclosure was the fault of the agent. After the building and contents were destroyed, the adjuster denied all liability on the ground the policy was void. The insurance company receded from this position to the extent that it settled with the owner for loss of the household goods and for the unearned premium. In deciding the case the district court said:

"Had Zehr made the application himself and failed to disclose the existence of the second mortgage, the policy would have been void as to him. (*Metropolitan Life Insurance Company v. Mennonite Mutual Fire Insurance Company*, 131 Kan. 628.) It is the duty of an agent of a stock company soliciting insurance to prepare the application so it will accurately and truthfully state the result of the negotiations, and the agent's failure to do so is in legal effect the fault of the insurance company. (*Pfiester v. Insurance Company*, 85 Kan. 97.) A different rule applies to Kansas mutual fire insurance companies. (*Kennedy v. Farmers Alliance Ins. Co.*, 127 Kan. 768.) Mutual

policies of insurance can be issued only on written applications, which even the secretary of the company would have no authority to waive. (*Smith v. Miami Farmers Mutual Insurance Co.*, 125 Kan. 10.) The bylaws become a part of the contract of insurance and are binding on the member insured. (*Kennedy v. Insurance Co.*, 96 Kan. 598.) As the bylaws provided the policy should be void in the event of a nondisclosed mortgage, it must be held that the policy was void as to Zehr. . . .

"Hence it must follow that the adjuster's statements were in no sense misrepresentations, but were a fair and general statement of the law as it exists."

The views expressed by the district court are approved.

The judgment of the district court is affirmed.