No. 628.

LEWIS v. THE STATE, EX REL. DAILY.

EVIDENCE.—*Sufficiency of to Sustain Verdict.*—Where the testimony is conflicting this court can not disturb the result reached in the trial court because of alleged insufficiency of evidence.

SAME.—*Rejection of.*—*Steps Necessary to Save Exception to.*—Where a question as to the rejection of evidence is sought to be preserved in the record, a pertinent question should be propounded to the witness, and, upon objection, a statement should be made as to what the witness will testify thereto.

From the Jackson Circuit Court.

*J. M. Lewis, W. K. Marshall* and *B. H. Burrell,* for appellant.

*W. T. Branaman,* Prosecuting Attorney, for appellee.

BLACK, J.—The appellant was prosecuted under the statute relating to bastardy. His motion for a new trial was overruled. The testimony was conflicting. Therefore we can not disturb the result reached in the trial court because of alleged insufficiency of evidence.

Two rulings of the court rejecting offers of proof are assigned as causes in the motion for a new trial.

It does not appear in either case that any question was asked the witness in relation to the matter embraced in the offer, and it does not appear to what facts the witness would have testified in either instance.

When it is intended to preserve in the record a question upon the refusal of the court to admit testimony, a pertinent question should be propounded to the witness, and, upon the making of objection, the party propounding the question should state to the court what facts the witness will testify to in answer to the question. *Judy* v. *Citizen,* 101 Ind. 18 ; *Higham* v. *Vanosdol,* 101 Ind. 160 ; *City of Evansville* v. *Thacker,* 2 Ind. App. 370 ; *Vurpillat* v. *Zehner,* 2 Ind. App. 397.

The judgment is affirmed.

Filed May 10, 1892.