RUSSELL *v.* STONER ET AL.

[No. 2,258.   Filed Sept. 14, 1897.   Rehearing denied Dec. 7, 1897.]

EVIDENCE.—*Weight Of.*—The Appellate Court will not weigh the evidence to determine the preponderance thereof.   *p. 544.*

SAME.—*Husband and Wife.*—*Agency.*—In an action against a married woman to recover the purchase price of material, purchased by her husband, used in the construction of a building on her separate real estate, evidence that the wife made an application to borrow part of the money to pay for the construction is not admissible for the purpose of showing an affirmance by the wife of the purchase made by the husband.   *p. 545.*

SAME.—*Husband and Wife.*—*Agency.*—Evidence by the plaintiff in an action for the recovery of the purchase price of material furnished in the construction of a building on the separate real estate of a married woman, that he knew the husband to be insolvent, was inadmissible for the purpose of showing that he sold the material to the wife and not to the husband.   *p. 545.*

SAME.—*Husband and Wife.*—*Agency.*—In the trial of an action brought by a contractor for the recovery of the purchase price of material furnished in the construction of a building on the lands of a married woman, a bond signed by such contractor and the husband, given to a building association, guaranteeing such association against loss, is properly admitted in evidence as tending to show that the contractor dealt with the husband and not with the wife. *pp. 545, 546.*

PRACTICE.—*Trial.*—*Evidence.*—*Exception.*—In order to save a question on a ruling of the trial court in excluding the testimony of a witness, a proper question must be asked the witness, and upon objection being made thereto, a specific statement, by way of an offer, must be made to the court, and the testimony which the witness will give in answer to the question.   The statement must consist of a fact or facts, not a general proposition or conclusion, and if the bearing of the proposed testimony is remote and inferential, its relevancy must be suggested.   *pp. 546, 547.*

From the Marion Superior Court.   *Affirmed.*

*D. A. Myers*, for appellant.

*F. J. Van Vorhis* and *W. W. Spencer*, for appellees.

COMSTOCK, J.—Appellant was plaintiff below.   The complaint is in two paragraphs.   The first alleges that

Annie M. Stoner, appellee, in 1890, purchased from appellant, through her husband, Abraham L. Stoner, acting as her agent, certain material for use in building a house on her separate real estate. The second contains substantially the averments of the first, with the additional allegation that appellee, Annie M. Stoner, after said material had been used in her house, promised appellant that she would pay therefor, and that, relying upon said promise, he had allowed the time to expire within which, under the statute, he could have filed a notice of his intention to hold a lien upon her property for the said material.

An answer of general denial was filed to the second paragraph of the complaint, and an issue was formed to the first paragraph by general denial and plea of payment, and reply to the plea of payment.

The cause was tried by the court, and a judgment rendered in favor of appellant, against Abram L. Stoner, and against appellant in favor of appellee, Annie M. Stoner, for costs.

The only error assigned is the overruling of appellant's motion for a new trial. In this appeal there are two questions presented, namely: Was the husband, Abram L. Stoner, authorized by his wife, as her agent, to incur the debt for which appellant sues? Did appellee, Annie M. Stoner, make a binding agreement to pay said debt after it was incurred?

The first, second, and third causes alleged in the motion for a new trial are based upon the claim that the judgment was contrary to the law and evidence, and is not sustained by the evidence. Under numerous recent decision of the Supreme and of this court, the evidence is not properly in the record, but as counsel for appellee raise no question thereon, we have carefully examined it and cannot, without disregarding the long established rule of this court not to weigh the

evidence, disturb the judgment of the trial court for these reasons.

The fourth reason assigned for a new trial is, that the court erred in rejecting the testimony of Annie M. Stoner to the effect that before the commencement, and at the time of the construction of said house, she made an application to borrow part of the money to pay for its construction. Under the issues, we think the evidence sought was not material, and the court committed no error in sustaining the objection thereto.

The fifth reason assigned is, that the court erred in rejecting the testimony of the plaintiff that "he knew Abram L. Stoner, the husband, and that at the time the house was erected that he was insolvent, and that lumber merchants would not sell him material." There was no error in rejecting this testimony of appellant in his own behalf. It would not be evidence that he had sold to appellee, Annie M. Stoner. Such evidence might be material under supposable conditions, but not in his examination in chief.

The sixth reason assigned is that the court erred in permitting Annie M. Stoner, appellee, to introduce in evidence a bond which was given by Isaac Russell and Abram L. Stoner to The Celtic Savings and Loan Association, which bond was given to guarantee said association against loss, etc. This bond was signed by Isaac Russell, appellant. He is presumed to have notice of its conditions. We quote from the bond: "The conditions of this obligation are such that, whereas the above bounden A. L. Stoner has entered into a contract with Annie M. Stoner to make certain improvements on real estate in Marion county, Indiana, belonging to said Annie M. Stoner, and described as follows," etc. Being the lot described in the complaint. This was competent as tending to show that appellant

dealt with Abram L. Stoner, and not through him with his wife.

Counsel for appellant contend that the court erred in sustaining objections to the following questions, propounded by appellant to appellee, Annie M. Stoner: "Had you a written contract with your husband?" "Had you any kind of a contract with your husband?" The questions were general, were not limited to any subject. Counsel did not inform the court what facts he sought to elicit in answer to such questions. In answer to a question propounded by appellant's counsel, appellee, Annie M. Stoner, stated that she told her husband how she wanted the house built. Appellant's counsel then asked her to state what was said. This was objected to, and the objection sustained. Appellant assigns this ruling as a reason for a new trial. Presuming that the question was intended to relate to her answer to the last preceding question, as to how she wanted the house built, it was immaterial. The foregoing questions to which objections were sustained, were propounded by appellant to a witness called and examined by him during the introduction of his evidence in chief. To save a question on a ruling of a trial court in excluding the testimony of a witness, the witness must be asked a pertinent question adapted to elicit the testimony sought, and upon objection being made thereto a specific statement, by way of an offer, must be made to the court, and the testimony which the witness will give in answer to the question. The offer to prove must be a statement of a particular fact or facts, and not of general propositions or conclusions, and if the bearing of the proposed testimony is remote and inferential, its relevancy must be suggested. *Stanley* v. *Holliday*, 130 Ind. 464; *Chicago, etc., R. W. Co.* v. *DeBaum*, 2 Ind. App. 281; *Lewis* v. *State, ex rel.*, 4 Ind. App. 504; *Darnell*

Russell *v.* Stoner *et al.*

v. *Sallee,* 7 Ind. App. 581; *Taylor* v. *McGrath,* 9 Ind. App. 30; *Huggins, Admr.,* v. *Hughes,* 11 Ind. App. 465, and authorities therein cited.

It was competent for appellant to prove by the testimony of the appellees, or either of them, that the material, on account of which suit was instituted, was furnished at the instance of appellee, Annie M. Stoner, her husband acting for her, in response to proper questions pertinent to the issues in the case. If this was the purpose of the excluded questions, it was not apparent from their terms, and counsel should have stated to the court his object and expectation in propounding them.

Even if the trial court had erred, under the established rule as stated in the foregoing authorities, appellant did not make such error available, because he failed to state what he desired to prove and what testimony the witness would give in answer to the questions proposed.

The foregoing are the only alleged errors discussed in appellant's brief. Those not discussed are, under the rule, waived.

We find no error for which the judgment of the court below should be reversed. Judgment affirmed.

## ON PETITION FOR REHEARING.

COMSTOCK, J.—Upon the petition for rehearing, we have again examined the record in this cause and find no error in the rulings of the trial court for which the judgment should be reversed.

Counsel for appellant, in his brief in support of the petition, says, "that the issue as presented in the lower court for trial on the first paragraph of the complaint, was, whether the husband was acting as the agent of the wife in the purchase of this lumber, and the issue

presented by the second paragraph was whether or not Mrs. Stoner would not be estopped from denying her liability for the payment of this bill after she had made her promise to pay the bill, if Mr. Russell would not file a lien upon the property."

The first, second, and third causes for a new trial were based upon the claim that the judgment was contrary to the law and the evidence, and not sustained by the evidence. In holding that the judgment was sustained by the law and evidence in the original opinion, the question presented by the second paragraph was necessarily passed upon and not overlooked, as assumed by appellant's counsel. There was no evidence before the trial court that the appellee, Anna M. Stoner, promised to pay the bill if the appellant would not file a notice of his intention to hold the lien upon her property, nor is there any evidence that Mr. Russell did not file a lien because he relied upon a promise of the appellee to pay. There was, therefore, an entire failure of proof upon that issue.

This action was not to enforce a lien, but it was a suit to recover for the sale of lumber. It is not claimed that it was purchased by the appellee, Anna, M. Stoner, in person. She testified that she did not authorize or know of its purchase until after it was bought. Her husband testified that he purchased it on his own account, and that it was charged to him.

Appellant did not deny that it was ordered by the husband and charged to him. Counsel insist that the court erred in sustaining an objection to a question in answer to which he expected to prove that there was no contract between Mrs. Stoner and her husband for the erection of the house. In view of the evidence of the purchase of the lumber by the husband on his own account, this fact, if proved, would not have rendered the wife liable. Petition overruled.