HOCKMAN ET AL. *v.* QUICK.

[No. 2,293.    Filed December 8, 1997.]

CONTRACTS.—*Promissory Note.—Purchase of Real Estate.*—Plaintiffs orally agreed to donate to H. & Co. 125 town lots, if H. & Co. would locate a factory in the town of F. In order to secure the location of the factory subscriptions were solicited among the citizens for the purchase of the lots so donated. Defendant, who had full knowledge of all that was being done, subscribed for five lots and gave his notes to plaintiffs for the money with which to pay for them, which money was turned over to H. & Co. The land to be donated was never platted nor conveyed by plaintiffs. *Held,* that the notes were not given for the purchase price of the real estate, but for borrowed money, and that the plaintiffs could recover.

From the Madison Superior Court.    *Affirmed.*

*D. W. Wood, W. S. Ellis* and *J. M. Farlow,* for appellants.

*E. B. Goodykoonts* and *G. M. Ballard,* for appellee.

HENLEY, J.—This was an action brought by the appellee against appellants upon two promissory notes. The cause was tried by the court without the intervention of a jury. At the request of the parties to the action, the court found the facts specially and stated its conclusions of law thereon and rendered judgment in favor of the appellee, plaintiff below. Appellant excepted to the conclusions of law upon the facts found, and assigned as error that the court erred in its conclusions of law on the special finding of facts. The appellant by this assignment, admits the correctness of the facts as found.

The court found, in substance, that appellee en-

Hockman *et al. v.* Quick.

tered into an oral agreement with Hurst & Company that he would donate to said Hurst & Company out of his farm, one hundred and twenty-five lots, if Hurst & Company would locate a certain glass factory near the town of Frankton, Madison county, Indiana; that the citizens of Frankton drafted and circulated a number of "subscriptions" amongst the citizens of said town, for the purpose of having them subscribe for, and purchase the lots so donated by appellee; that appellants signed for five lots at the sum and price of $625.00; that in connection with his other business, appellee is engaged in the banking business in said town of Frankton, under the firm name of C. Quick & Company, and stated to the parties who were canvasing for the sale of said lots that they could say to subscribers that if they were not able to make the payments when due as provided in the contract, and would make good notes, he would take the notes and advance the money; that the notes herein sued upon represent money borrowed of C. Quick & Company, under the said agreement, and that the said money was by said Quick & Company immediately passed to the credit of Hurst & Company, and was by said Hurst & Company checked out of said bank; that appellee held, and still holds, the legal title to the real estate which was to be plotted into lots, and has never conveyed the same to defendants, and has never offered to do so and " that all the parties hereto had notice and knowledge of all the facts at the time each of said facts occurred, and had had knowledge all the time."

The agreement to which appellant subscribed is a part of the finding of facts.

It is plain to be seen that the lower court took the view that the notes sued upon were not given for the purchase price of real estate, but were for money bor-

rowed, and hence had no direct connection with the donation of the lots by appellee, or their sale for any purpose; the finding of the court clearly shows this, and the statement of the law thereon by the court is correct. There is no error in the record as presented by the assignment of errors. Judgment affirmed.