## WESTERVELT ET AL. v. NATIONAL MANUFACTURING COMPANY.

[No. 4,383. Filed November 24, 1903. Rehearing denied April 7, 1904.]

EVIDENCE.—*Suppression.*—*Presumption.*—It is a general rule that, where a party suppresses evidence, the presumption may be indulged that its production would be against the interest of the party suppressing it. *p. 25.*

SAME.—*Violation of Injunction.*—*Damages.*—In an action for damages for the violation by defendants of an injunction restraining them from the manufacture and use of a machine for the manufacture of paper bags, invented by one of the defendants while in plaintiff's employ, evidence as to the cost of manufacturing paper bags was properly admitted for the purpose of showing that plaintiff had been damaged by the loss of customers and diminished sales of an article which was being manufactured and sold at a profit. *p. 26.*

TRIAL.—*Evidence.*—*Offer to Prove.*—*Appeal and Error.*—Available error can not be predicated upon an offer to prove that is not responsive to the rejected question. *p. 26.*

INJUNCTION.—*Transfer of Enjoined Business to a Corporation.*—A defendant who has been enjoined from the use and manufacture of a certain machine can not escape liability by transferring his business to a corporation in which he owns a controlling interest. *pp. 26, 27.*

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Action by the National Manufacturing Company against Edmund C. Westervelt and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Andrew Anderson, James DuShane, W. G. Crabill, Stuart MacKibbin, Lucius Hubbard* and *Bond, Adams, Pickar & Jackson,* for appellants.

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellee.

HENLEY, C. J.—About three years prior to the commencement of this action the National Paper & Supply

Company, a corporation of Elkhart, Indiana, commenced an action in the Elkhart Circuit Court, in which action the appellants in this appeal were joined, amongst others, as defendants. It was charged in the complaint that the appellant John Taggart had been employed by the plaintiff to invent and devise a machine which would make paper bags, and that under such employment the said Taggart had produced such a machine for said company. It was further charged in the complaint of said company that the construction of this machine was a trade secret, and that Taggart had wrongfully divulged such secret to the defendants, amongst whom were the appellants, Edmund C. and Herbert E. Westervelt, and that the defendants were wrongfully engaged in making a machine like that made for the plaintiffs' company. Injunctive relief was demanded.

Upon the trial of the cause the court rendered judgment, which, omitting the parts immaterial here, was as follows: "It is therefore ordered, adjudged, and decreed by the court that the defendants, Edmund C. Westervelt, Herbert E. Westervelt, John Taggart, Henry F. Young, Harry I. Lahr, Ferdinand A. Buescher, the Buescher Manufacturing Company, and Melvin Huston, their agents, servants, employes, and attorneys, be, severally and jointly, perpetually restrained and enjoined from proceeding to make or construct a machine which will fold and paste one end of a paper tube so as to form a bag by means of any devices or inventions substantially as made or devised by the defendant John Taggart, and now used by the plaintiff in a machine now in the plaintiff's factory in Elkhart, Indiana. The said defendants, Edmund C. Westervelt, Herbert. E. Westervelt, John Taggart, Henry F. Young, Harry I. Lahr, Ferdinand A. Buescher, the Buescher Manufacturing Company, and Melvin Huston, their agents, servants, employes, and attorneys, are also, severally and jointly, perpetually restrained and enjoined from divulging to any

other person the principle or principles upon which said machine acts or works, in so far as those principles were the invention or discovery of said John Taggart. It is further adjudged and decreed by the court that the defendants, Edmund C. Westervelt, Herbert E. Westervelt, John Taggart, Henry F. Young, Harry I. Lahr, Ferdinand A. Buescher, the Buescher Manufacturing Company, and Melvin Huston, do immediately deliver up to the sheriff of this county all sketches, draftings, drawings, blue-prints, and patterns, and all portions or part thereof, of the plaintiff's said machine; and the sheriff is hereby ordered to bring all of said articles and things, except the frames, immediately into court for further orders. It is also considered and adjudged by the court that the plaintiff the National Paper & Supply Company do have and recover of and from the defendants, Edmund C. Westervelt, Herbert E. Westervelt, John Taggart, Henry F. Young, Harry I. Lahr, Ferdinand A. Buescher, the Buescher Manufacturing Company, and Melvin Huston, the sum of $1 damages, and all costs and accruing costs, and that it have execution therefor."

Upon appeal to the Supreme Court this judgment was in all things affirmed. *Westervelt* v. *National Paper, etc., Co.,* 154 Ind. 673.

Afterward the National Paper & Supply Company sold all rights which it had acquired under this judgment to the appellee the National Manufacturing Company. Afterward, and on the 19th day of October, 1900, appellee commenced an action, which resulted in the judgment herein appealed from, in which action the appellants and the Atlas Paper Bag Company were made defendants. In appellee's complaint, after averring facts covering the rendition of the judgment in favor of the National Paper & Supply Company, its transfer to appellee, and its affirmance by the Supreme Court, it is further averred that appellants, Edmund C. and Herbert E. Westervelt and John

Taggart, shortly after the rendition of the judgment enjoining them from so doing, built, or caused to be built, a machine which they caused to be sold to the Elsas Paper Company, of New York City; that they built, or caused to be built, four other machines which they used or procured to be used by the Prairie State Paper Company of Taylorville, Illinois; that the appellants, the two Westervelts, were interested in the Prairie State Paper Company and in the Atlas Paper Bag Company; that the Prairie State Paper Company made large quantities of paper bags upon said four machines, which bags were by procurement of the said Westervelts sold by said Atlas Paper Bag Company; the said company knowing that the bags were being made in violation of the before-mentioned judgment. It is also averred that each of said machines was capable of making, and appellee believes that each machine did make and is still making, an average of two tons, in weight, of paper bags per day. The complaint concludes as follows: "That the profits on said bags were more than $10 per ton, all of which profits this petitioner would have realized if said defendants had not made said bags; that the profits on said machines were $1,000 each, all of which profits the said defendant realized; that this petitioner could have made and sold all the bags so made and sold by the defendants and realized a profit therefrom of $10 or more for each 25,000 bags sold. This petitioner further says that each of the machines so made by the defendants would and did and does fold and paste one end of a paper tube so as to form a bag, by means of devices and inventions substantially as made and devised by the defendant John Taggart, and used, at the time the said action was commenced and judgment was rendered, by the National Paper & Supply Company aforesaid in a machine then in its factory at Elkhart, Indiana. The premises considered, the petitioner prays that the defendants be punished by a fine of $50,000 to be paid to this petitioner to compensate it for losses sustained,

and that the defendants, Edmund C. Westervelt, Herbert E. Westervelt, and John Taggart be imprisoned until said fine shall be paid, and that the court will order the sheriff to sieze and sell all the property of the defendant the Atlas Paper Bag Company to make the said fine. And this petitioner prays for all other and proper relief."

Each appellant, except the Atlas Paper Bag Company, which company was never served with notice or appeared to the action in any manner, filed separate answers. All the pleadings were verified, and no question as to their sufficiency is raised by this appeal. The questions presented by appellants arise under the motions for a new trial and relate solely to the sufficiency of the evidence to sustain the finding and judgment, and the alleged error of the court in admitting and excluding certain evidence upon the trial.

In appellants' brief, counsel contend that the judgment of the trial court should be reversed because: "(1) That there is no evidence to show that the machine examined in New York by Brown and Collins was the same machine which we have designated as the 'Elsas machine,' and therefore there is no evidence showing that the appellants, or either of them, in any way violated the injunction of the Elkhart Circuit Court; (2) that even if the appellants, or either of them, have violated their injunction, they are liable to the appellee only for the amount of profit actually realized through the violation of the injunction; (3) that there is no evidence whatever that the appellants, or either of them, realized any profit through the making of the Elsas or Atlas machines; (4) that there is no evidence that the appellants, or either of them, realized any profit through the use of the two Atlas machines; (5) that there is no evidence showing that the appellee has been damaged either by the making and selling of the Elsas machines, or by the making and using of the Atlas machines by appellants; or that appellee would have made profits if appellants had not

made machines or bags; (6) that the court below erred in allowing the appellee to prove by the testimony of Brown, what profit it had realized by the making of paper bag machines or by the use of paper bag machinery; (7) that therefore, for the reason aforesaid, even if it should be held that the appellants had violated the injunction, they are only liable for nominal damages, and the judgment rendered was excessive in amount; (8) that the court below erred in rejecting the evidence of E. C. Westervelt and Mr. Taggart, tending to show that the machines made by the Atlas company contained no invention or device made or devised by John Taggart; (9) that the court below erred in its construction of the original decree, contempt of which was alleged, by refusing to permit the appellants to prove that the machines made, sold, and used by them did not contain any invention of John Taggart; (10) that no judgment should have been rendered against Edmund C. Westervelt."

This action must be regarded as a civil action in equity to compel appellants to pay to appellee whatever damage it has sustained, either in loss of business to appellee or profits made by appellants, by reason of the violation of the injunction. Appellee claims no rights under the patent laws of the United States, but bases its claim wholly upon the rights growing out of the injunction. It is the law, as settled and decided in *Westervelt* v. *National Paper, etc., Co.,* 154 Ind. 673, and cases therein cited, that injunction will lie to restrain former confidential employes, and others engaged with them, from divulging or using trade secrets or inventions which were devised or invented by such employes in the course of their employment.

We think there was evidence which justified the trial court in finding that appellants made and sold the machine spoken of in the argument and evidence as the Elsas machine and that in so doing they violated the injunction. It is admitted that appellants made and sold the Elsas

Paper Company a machine to be used in making satchel bottom paper bags. Two witnesses, Brown and Collins, testified that they visited the factory of the Elsas Paper Company in New York, and found in use there, for the purpose of making satchel bottom paper bags, a machine exactly the counterpart of appellee's machine. Appellants testified that the machine sold to the Elsas Paper Company was not like the one devised by Taggart for the National Paper & Supply Company, which machine and the secret of its construction became appellee's property. Appellants testified that the machine sold to the Elsas Paper Company did not contain, when shipped by them, an intervening gear. Witnesses, Brown and Collins, testified that the Elsas machine examined by them contained, and was operated by means of, an intervening gear. The complaint upon which the injunction was granted, and the opinion of the Supreme Court sustaining the judgment of the trial court therein, were admitted in evidence. In the opinion of the Supreme Court we find the following: "It is not alleged that appellee's machine for pasting the bottoms of said paper bags was like those used by other parties; on the contrary, it is expressly averred that 'there are no other machines like it;' nor does the mere fact that appellee's machine performed the same work as the machines referred to raise any presumption that it was the same. It appears from the complaint that said machines can not be constructed except by the use of information furnished by Taggart in violation of his duty and agreement with appellee. As we have shown, the divulgence and use of such information can be enjoined."

The facts proved certainly raised a strong presumption that the machine described by Brown and Collins was the one made under the supervision of Taggart and sold by appellants to the Elsas Paper Company. The evidence also shows that appellants had in their possession blueprints from which the Elsas machine was made. These

blue-prints were not introduced in evidence. Their introduction in evidence would have been conclusive proof upon the question of whether or not the Elsas machine, as constructed and sold by appellants, contained substantially the inventions and devices made by Taggart which were within the operation of the injunction. It is a general rule that where a party suppresses evidence, the presumption may be indulged that its production would be against the interest of the party suppressing it. *City of Warsaw* v. *Fisher,* 24 Ind. App. 46, and cases there cited. And although the court in the last-mentioned case, in the opinion of the writer, carried the doctrine beyond the true meaning of the rule, nevertheless both the majority and minority opinions agree upon the rule of law as here stated and applied. If the evidence relating to the intervening gear is not considered, there is sufficient evidence remaining to show that the Elsas machine contained more than twenty other points covered by the injunction, and was substantially the same machine that appellants had been enjoined from making and using. There is also evidence to the effect that a machine like the Elsas machine could have been constructed for $500, and that it was sold by appellants for $17,000. The evidence also shows that, under the direction of Mr. Taggart, the Medart Patent Pulley Company of St. Louis, Missouri, built in the year 1897 at least three machines for making paper bags; that one of these was sold to the Elsas Paper Company; that all the machines were the same in construction, except that the Elsas machine was arranged to make mail bags. These machines were all made for the Atlas Paper Bag Company of Taylorville, Illinois. The Atlas Paper Bag Company was a corporation, with a capital stock of $5,000, organized for the purpose of making paper bags. Of the capital stock the appellant Edmund C. Westervelt was the owner of $4,100, and the remaining $900 was owned by appellant Herbert E. Westervelt, C. L. Hammond, and Frank

Brewer. Two of these paper bag machines were used by the Atlas company from about the 1st of September, 1897, until May 1, 1900. Appellant Herbert E. Westervelt in May, 1900, having prior to that time purchased the stock held by his brother Edmund, and also the stock owned by Brewer and Hammond, moved the machines to South Bend, and continued to use them up to the time of the trial of the cause. There was evidence produced at the trial, covering all of this time, which tended to prove the number of tons of paper bags made upon these machines, the cost of manufacturing per ton, and the selling price. The profits of appellants, fairly deducible from this evidence, was in excess of the judgment rendered. There was also evidence to the effect that appellants had damaged appellee by diminishing appellee's sales, and lessening the number of its customers, and diverting the business from appellee to appellants. Under the long-established rule that this court will not weigh the evidence—and the appellants' assignment of error does not require us to do so— we can not disturb the verdict.

Objection is made that the witness Brown was permitted to testify concerning the cost of manufacturing paper bags. Evidence had been introduced to prove that appellee's business had suffered by diminished sales. This being true, the evidence objected to by appellants was undoubtedly competent for the purpose of showing that appellee had been damaged by the loss of customers and business in the sale of an article which was being manufactured and sold at a profit. The questions raised upon the evidence at the trial which are properly brought before the court by counsel for appellant are without merit. Available error can not be predicated upon an offer to prove that is not responsive to the rejected question.

Finally it is contended that no judgment should have been rendered against Edmund C. Westervelt. In *Jewelers, etc., Agency* v. *Rothschild*, 39 N. Y. Supp. 700, it

was held that where certain persons, defendants, had been enjoined from the publication of a directory because the directory contained information taken from plaintiff's directory, the fact that they had transferred their business to a corporation in which they were the controlling stockholders was no defense to an action against them for a violation of the injunction. And in the case under consideration it seems to us that the injunction would fall far short of giving the relief and protection intended if the persons against whom it was directed could, by becoming stockholders in a corporation which they control, use the corporation as a shield to protect them from the consequences growing out of its violation of the injunction.

We find no error, judgment affirmed.