## DISHER v. FRENTRESS.

[No. 9,495. Filed April 20, 1916.]

APPEAL.—*Term Time Appeal.—Failure to Perfect.—Dismissal.*— Where no time was asked or granted to appellant by the trial court in which to file his appeal bond beyond the term, the filing of what purported to be an appeal bond in vacation in the clerk's office and taking no further action thereon other than to copy the same into the transcript was not a compliance with the statute in reference to a term time appeal, and the appeal not having been thereafter perfected as a vacation appeal, a dismissal was required.

From Orange Circuit Court; *William H. Paynter*, Judge.

Action by Ben Frentress against Albert C. Disher. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*H. B. Alexander,* for appellant.
*Bayless Harvey* and *H. A. Carnes,* for appellee.

MORAN, J.—On May 14, 1915, a decree of foreclosure of a lien for street improvements was entered of record in the Orange Circuit Court against appellant's real estate located in the town of French Lick, Indiana, in the sum of $438.80, and the real estate was ordered sold to satisfy the same. On October 6, 1915, a motion for a new trial theretofore filed was overruled, to the overruling of which, exceptions were reserved by appellant; and as a part of the same entry the record discloses the following: "The plaintiff now prays an appeal to the Appellate Court of Indiana, and the court fixes the appeal bond in the sum of $500. Hugh C. Glenn and Burt C. Gruber are named as sureties thereon." On November 3, 1915, the same being in vacation of the Orange Circuit Court, an appeal bond was filed in the clerk's office of the Orange Circuit Court with H. C. Glenn and Burt Gruber, as sureties, which is set out in the record as filed, with no further action taken thereto. And on December 31, 1915, the transcript of the proceedings, together with an assignment of errors was filed in this court, as a term time appeal, and appellant relies upon the same as a term time appeal. As to whether the foregoing state of record is sufficient to constitute a term time appeal is now before the court for consideration upon appellee's motion to dismiss on the ground that the appeal has not been properly perfected as a term time appeal.

No time was asked by or granted to appellant

by the trial court within which to file his appeal bond beyond the term, as disclosed by the record, and the mere filing of what purports to be an appeal bond in vacation in the clerk's office, and taking no further action thereon other than copying the same into the transcript is not a compliance with the statute in reference to a term time appeal. §679 Burns 1914, §638 R. S. 1881; Elliott, App. Proc. §246; Ewbank's Manual (2d ed.) §§90, 91a; *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Michigan Mutual Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Fort* v. *White* (1915), 58 Ind. App. 524, 108 N. E. 27.

The cause having stood on the docket in this court since December 31, 1915, without any steps being taken to give notice or otherwise perfect a vacation appeal, appellee's motion to dismiss must be sustained. *Fort* v. *White, supra.* Appeal dismissed.

NOTE.—Reported in 112 N. E. 251.