## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company *v.* Kephert.

### [No. 8,980. Filed April 20, 1916.]

1. Appeal.—*Waiver of Error.—Briefs.*—Specifications of error set out in the motion for a new trial, but not presented by appellant's brief, are waived. p. 624.

2. Appeal.—*Review.—Weight of Evidence.*—The court on appeal can not weigh the evidence. p. 624.

3. Railroads.—*Crossing Accidents.—Contributory Negligence.— Jury Question.*—In an action for injuries at a railroad crossing, plaintiff's testimony that he and the driver of an automobile in which he was riding approached the crossing and stopped on signal from the crossing flagman to permit a train to pass from the west, that after the train had passed the flagman signalled them to proceed and they were struck by a train from the east, which plain-

tiff could not see until upon the crossing, though he had looked both ways, etc., was sufficient to make the question of contributory negligence one of fact for the jury.  p. 624.

4.  NEGLIGENCE.—*Imputed Negligence.—Negligence of Driver.*—The negligence of one driving an automobile while under the influence of intoxicating liquor, constituting a contributory cause of collision with a train, can not be imputed to his invited guest, unless his condition was known to the guest when he got into the machine, or he remained therein after discovering such condition.  p. 625.

5.  EVIDENCE.—*Expert Testimony.—Offer of Evidence.*—An offer of a nonexpert's testimony should not be made without an offer of the facts on which it was based.  p. 627.

6.  TRIAL.—*Offer of Evidence.*—An offer of evidence to show the intoxicated condition of the driver of an automobile at the time of injury to his invited guest by collision with a train, should include an offer to make it material by showing that the guest knew of his condition, or that it was the sole proximate cause.  p. 627.

From Superior Court of Marion County (91,872); *Clarence E. Weir*, Judge.

Action by John Kephert against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Samuel O. Pickens* and *Owen Pickens*, for appellant.
*Will H. Pigg* and *John E. Sedwick*, for appellee.

HOTTEL, J.—On September 4, 1911, appellee, as an invited guest of the owner and driver of an automobile, was being conveyed therein south on Capitol Avenue in the city of Indianapolis. The avenue runs north and south and crosses a number of railroad tracks known as the Union Railway tracks in the city. At the time appellant owned and was operating trains over and upon one of its tracks, and appellee while being so conveyed over the avenue and across such track was injured in a collision between one of such trains and the automobile. This is an appeal from a judgment for $2,500 recovered by appellee in an action brought

by him against appellant in which he charged that such collision and his injuries resulting therefrom were caused by appellant's negligence. The particular negligence charged in the complaint was in substance as follows: Pursuant to the requirements of an ordinance in force in the city at the time, a flagman was stationed at the crossing. When the automobile approached the crossing an east bound train was approaching from the west on one of the tracks near the north side of the crossing. The flagman signaled the driver of the automobile to stop for the passage of such east bound train. Pursuant to such signal the automobile was stopped. Immediately after such east bound train had passed over the crossing the flagman signaled the driver of the automobile and appellee to proceed. Before starting such automobile they looked and listened for the approach of any other locomotive, and seeing and hearing none and relying on the signal of the flagman, the driver of the automobile started his machine forward and toward the crossing. Such driver and appellee continued to look and listen for the approach of any locomotive or train and, neither of them hearing or seeing any, continued to rely on the signal of the flagman, and the driver of the automobile drove it upon such crossing over which the east bound train had just passed and upon the track over which appellant's train was approaching from the east when the latter train came out from behind the former and collided with the automobile. There was another ordinance of the city which limited the speed of trains to four miles an hour and appellant's train was running in violation of such ordinance at the speed of fifteen miles an hour, etc. There are other averments stating why appellee and the driver could not see or hear the

train that struck their machine and showing that they were without fault, and that the collision was the result of appellant's negligence above set out.

The only error assigned is the overruling of appellant's motion for new trial. This motion contains numerous grounds, but appellant's brief presents only those which challenge the verdict as not being sustained by sufficient evidence and as being contrary to law, and those challenging certain rulings relating to the exclusion of evidence offered by appellant. All other grounds are therefore waived. In support of the first two of these grounds appellant in substance says, that appellee was guilty of contributory negligence and is not entitled to recover under the law and evidence in this case for two reasons: (1) He was guilty of negligence in riding with the driver of the machine while the driver was in an intoxicated condition and on account thereof incompetent to operate the automobile, appellee at the time having knowledge of such fact. (2) Appellee was guilty of contributory negligence because he did not take the proper precautions to protect himself while approaching the crossing where he was struck. As affecting the first contention appellant admits in its brief that there was testimony that they (appellee and the owner of the automobile, who was the driver thereof) were entirely sober at the time of the collision. This admission leaves such contention without any foundation on which to rest. This court cannot weigh the evidence. As affecting appellant's second contention, *supra*, appellee testified, substantially as follows: "I was on the left side of the machine and Mr. Nutter was running it. We were going south on

Capitol Avenue and when we got to the crossing where the street crosses the railroad we were hit by an engine. As we approached the crossing I saw a flagman with a lantern and he signaled us to stop. It was 7:15 or 7:30 and was dark. The flagman was standing east of the center of the crossing, pretty well to the east side of the street and pretty well on the north side of the tracks. The first thing I saw as we approached the tracks was the flagman signaling us to stop. He waived the lantern across the street in front of us. Nutter stopped the machine, threw the clutch out and set his brake. The machine was still, but the engine was running. We saw a train coming from the west, going east into the Union Station. The entire train passed, and as the rear end of the train was going past the crossing the flagman swung his lantern for us to go ahead. Nutter released the clutch and brake and drove upon the tracks. On the track next to the one over which the east bound train had just passed, a west bound train was approaching and it ran into us. The front end of the machine was on the first rail when I first saw it. I saw the engine coming and saw it would hit us, and I hollered, Look out! That was the last I knew. Before going upon the crossing I looked both ways. I did not see or hear any train until this one hit us." This evidence was sufficient to render the question of appellee's care when the automobile was approaching the crossing, one of fact for the jury.

It is next urged that the court erred in refusing to admit certain testimony in reference to the habits of intemperance of the driver of the automobile with whom appellee was riding at the time he was injured. The questions

4.

and offers to prove are as follows: The witness, Scott Maxwell was asked: "Q. During the six months when you had seen him, state to the jury what his condition was most of that time as to whether he was sober or drunk." Appellant offered to prove, "that for the period named in the question the man, Nutter, in question was habitually intoxicated and intoxicated nearly every day, and that as a result of the use of intoxicants in the manner in which we propose to show that he was a habitual drunkard and incapable of handling the machine in question." "Q. I will ask you (the witness A. D. Rose) to state to the jury whether you had any knowledge of his use of intoxicants prior to the date of September 4, 1911." Appellant offered to prove "that the man Nutter in question was an habitual drunkard and an habitual user of intoxicants up to the time of the offense cited in the complaint, wherein he was an habitual user of intoxicants, and further that the witness will answer 'Yes' to the question propounded." "Q. Now, Mr. Rose, I will ask you to state to the jury whether or not this man, H. Nutter, was in the habit of getting intoxicated frequently before and right prior to September 4, 1911." Assuming, without deciding, that the question of Nutter's condition as to being drunk or sober, on occasions previous to the collision complained of, and that his habit in such regard prior to such collision were matters of proper inquiry in the absence of an offer to show that he was in such condition at the time of the collision, and further, assuming without so deciding, that the method of proving such facts and the form of the questions here asked, were the proper method and form of question by which to prove such facts, such offered evidence, in any event, could have been

proper and material for no purpose except as tending to show Nutter's condition at the particular time of the collision, and his condition in such respect at such time could have been material for the purpose only of tending to prove that he was thereby rendered incompetent and unable to manage his automobile, and that such condition was either the sole proximate cause of appellee's injury or was a contributing cause thereof, and in the latter event such contributing cause could not be imputed to appellee unless it had been shown that he knew of such condition of Nutter when he got in his machine, or that he remained in the machine after discovering such condition. *Lake Erie, etc., R. Co.,* v. *Reed* (1914), 57 Ind. App. 65, 78, 103 N. E. 127; *City of Gary* v. *Giesel* (1915), 59 Ind. App. 565, 108 N. E. 876. The evidence offered to be elicited by each of such questions was not responsive to the particular question asked, but was broader and involved a conclusion or opinion of the witness which was proper only after the witness had testified to the facts upon which such opinion was based (*Commonwealth* v. *Eyler* [1907], 217 Pa. St. 512, 66 Atl. 746, 11 L. R. A. [N. S.] 639, note, 10 Ann. Cas. 786; *McQuiggan* v. *Ladd* [1906], 79 Vt. 90, 64 Atl. 503, 14 L. R. A. [N. S.] 689, 770, note; *Johnson* v. *Culver* [1888], 116 Ind. 278, 289, 19 N. E. 129); and there was no offer to make such proffered evidence material by showing that it would be followed with questions which would elicit the fact that appellee knew or observed such condition of Nutter, or that such condition was the sole proximate cause of appellee's injury. "The offer to prove must be a statement of a particular fact or facts, and not of general propositions or conclusions, and if the bearing of

the proposed testimony is remote and inferential its relevancy must be suggested." *Russell* v. *Stone* (1897), 18 Ind. App. 543, 546, 547, 47 N. E. 645, 48 N. E. 650; *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535, 543, 48 N. E. 864.

As the record comes to us no available error is presented by the exclusion of the offered evidence. Finding no error in the record the judgment below is affirmed.

NOTE.—Reported in 112 N. E. 251. As to imputed negligence, see 110 Am. St. 278. As to accidents to automobiles at railroad crossings, see Ann. Cas. 1913 B 680; Ann. Cas. 1915 B 767. As to imputation of negligence of dower of automobile to occupant, see 19 Ann. Cas. 1225.