## LESSIG v. DAVIS, ADMINISTRATOR.

[No. 10,167.   Filed January 6, 1920.]

1.  GIFTS.—*Causa Mortis.*—*Burden of Proof.*—The burden rests upon one claiming to be the donee of property *causa mortis* to establish all facts essential to the validity of the gift.   p. 114.
2.  APPEAL.—*Review.*—*Conflicting Evidence.*—The court cannot weigh conflicting evidence on appeal.   p. 114.

3. TRIAL.—*Reception of Evidence.*—*Offer to Prove.*—*Effect When Too Broad.*—When, upon objection to a question as to what else was said, the offer to prove calls for testimony of the fact of the withdrawal of money from a bank, and was not limited as to time nor to any one conversation, it was not error to exclude such testimony. p. 115.

4. TRIAL.—*Reception of Evidence.*—*Offer to Prove.*—*Competent and Incompetent Matter.*—The trial court is not bound to separate the competent from the incompetent matter contained in an offer to prove. p. 115.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Claim by Susan Lessig against the estate of George Davis, deceased, Fred E. Davis, administrator. From a judgment in favor of the estate, the claimant appeals. *Affirmed.*

*Otto H. Krieg, Arthur H. Sapp, George W. Gifford, Glenn J. Gifford* and *Eben Lesh,* for appellant.
*J. R. Coleman* and *Kemp & Kemp,* for appellee.

ENLOE, J.—The appellant filed a claim against the estate of her deceased brother, George Davis, for services in nursing, boarding and caring for said deceased, and for money expended for casket and other funeral expenses. The amended claim, upon which the cause was tried, was for $499.50. To this amended complaint the administrator answered first in general denial and by three separate paragraphs of set-off— one claiming $2,500, another $500, and one for $2,800 —each and all of them being for money had and received. The appellee also filed his cross-complaint, but as the finding was in effect against him thereon, it need not be further noticed.

The cause, being at issue, was submitted to the court for trial, which made a finding for the appellant upon her complaint and that there was due her on

account of said claim $234.50, and that there was due the appellee under its set-off the sum of $1,221.73. Judgment was accordingly rendered in favor of the appellee for the sum of $987.23.

Appellant's motion for a new trial having been overruled, she prosecutes this appeal, and assigns as error the overruling of said motion. Under this motion but two questions are presented for our determination, viz.: the sufficiency of the evidence to support the decision of the court, and alleged error in excluding certain offered testimony.

It appears from this record that the decedent was the brother of appellant, and was taken by the appellant from his home in Tipton to her home in Huntington, on or about June 27, 1915, and that he died at the home of his said sister on August 29, 1915. The deceased had lost one limb several years before by amputation below the knee, was upwards of seventy years of age, and was afflicted with open ulcers on his back and on the limb which had been amputated, so that, after his removal to Huntington, he was confined to the house the greater part of the time. On August 15, before his death, he suffered a stroke of paralysis. It is shown upon this record that at the time he went to Huntington he took with him more than $2,500, and that out of this money he purchased and paid for a home for his sister, appellant paying therefore or thereon the sum of $1,000. All the residue of the money which he took with him to Huntington was placed in the hands of his sister, the appellant, and upon the trial of this cause she asserted title thereto, claiming the same had been given to her by the decedent in anticipation of his death.

In 20 Cyc 1219, it is said, referring to gifts *inter vivos*: "The burden of proof is one one claiming to be the donee of property to establish all facts essential to the validity of such gift."

1.

In *Caylor* v. *Caylor's Estate* (1899), 22 Ind. App. 666, 52 N. E. 465, 72 Am. St. 331, the court quoted with approval from 3 Wait, Actions and Defenses 502, where it is said: "Gifts *causa mortis* are not favored in law. They are said to be a fruitful source of litigation, often bitter, protracted and expensive. They lack all those formalities and safe guards which the law throws around wills, and create a strong temptation to the commission of fraud and perjury." The rule as to the burden of establishing the fact of such gifts is on the donee in gifts *causa mortis,* as in gifts *inter vivos.* Note to *Johnson* v. *Colley,* 99 Am. St. 916, and authorities there cited.

The evidence is conflicting, and under the well-settled rules of this court we cannot weigh the same. The decision is supported by sufficient evidence.

2.

It is next complained that the trial court erred in excluding certain offered testimony.

The record discloses that upon the trial the appellant Susan Lessig was called as a witness on her own behalf and testified as to expenditures made by her after the death of her said brother in connection with his funeral and burial.

On cross-examination she was asked: "Q. You had the money he took out? A. Yes sir, I had it in the carpet, just as he told me to put it. Q. You say he told you to put it in the carpet? A. In the carpet where he could see it."

On redirect examination she was asked: "Q. Mrs. Lessig, you testified in your cross-examination that your brother told you to put this money in the carpet? A. Yes sir, he did. Q. Tell the court what else he said."

To this last question counsel for appellee objected and the objection was sustained. Thereupon counsel for the appellant stated his offer to prove as follows: "In response to the foregoing question the plaintiff offers to prove by this witness that her brother, after he secured the money from the bank, gave her the money and told her it was her property and that she should hide it in the carpet." Which offer to prove was by the court overruled, and to which ruling appellant excepted.

Waiving the question whether said offer was seasonably made, the objection to the question asked having been by the court sustained, it will be noted that the offer was much broader than the question, as it called for testimony, not only as to what was said, *but as to the fact of the withdrawal of said money from the bank;* and neither was said offer *limited as to time, or to any one conversation.* Even if we concede that said offer was in part competent, the trial court was not required to separate the competent from the incompetent matter therein contained. The court did not err in excluding said offered testimony. *Masons', etc., Ins. Assn.* v. *Brockman* (1898), 20 Ind. App. 206, 50 N. E. 493; *Westervelt* v. *Nat. Mfg. Co.* (1904), 33 Ind. App. 18, 69 N. E. 169; *Pittsburgh, etc., R. Co.* v. *Kephert* (1916), 61 Ind. App. 621, 112 N. E. 251.

No error has been presented, and the judgment is therefore affirmed.