GLASER *v.* WILLIAMSBURG CITY FIRE INSURANCE
COMPANY ET AL.

[No. 10,211.    Filed January 27, 1920.]

1.  INSURANCE.—*Automobile Fire Insurance.—Proofs of Loss.—Set-
    tlement with Mortgagee.*—Settlement by an insurer of an automo-
    bile against fire with the mortgagee, a garage, about eight months
    after loss, was not a waiver of proofs of loss on the part of
    insured, the owner and mortgagor. p. 321.

2.  INSURANCE.—*Automobile Fire Insurance.—Action on Policy.—
    Evidence.—Admissibility.—Disposition of Insured Automobile
    after Loss.*—In an action by insured on a fire policy on an auto-
    mobile, evidence that the automobile was taken from the place
    where it was burned to mortgagee's garage by defendant insurer's
    local agent, and that it was afterward disposed of, but not show-
    ing by whom it was disposed of, nor that such local agent had
    any authority in the matter, was properly excluded. p. 322.

3.  APPEAL.—*Questions Presented.—Admissibility of Evidence.—
    Withdrawal of Question.*—Where a question propounded by plain-
    tiff to her witness was withdrawn when objected to, and an

objection was then sustained to a following offer to prove, there is no question presented on appeal as to the correctness of the trial court's action in excluding the evidence, since to save such question for review on appeal there must be a pertinent question in the record.  p. 322.

4.  EVIDENCE.—*Presumptions.*—*Deposit of Letter in Mails.*—No presumption of the receipt of mail matter can arise unless it affirmatively appears that the letter was duly stamped when it was deposited in the mail.  p. 323.

5.  EVIDENCE.—*Admissibilty.*—*Contents of Writing.*—In an action on a fire policy on an automobile, evidence. of the contents of the proof of loss claimed to have been mailed to defendant insurer was not admissible, in the absence of the usual steps preliminary to the introduction of such evidence.  p. 323.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Sarah Glaser against the Williamsburg City Fire Insurance Company and another.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Harris & Ressler, Paul R. Glaser, Farmar De Bragga, Joseph N. Rapier, Louis N. Halperin, Harry Musikow* and *James V. Costello,* for appellant.

*Seymour Edgerton* and *G. S. Widhohn,* for appellees.

NICHOLS, C. J.—This action by appellant against appellees was on a policy of insurance issued by appellee Williamsburg City Fire Insurance Company, of New York, insuring appellant, and appellee Fifth Avenue Garage, against loss or damage by fire to an automobile, which automobile was damaged by fire September 19, 1915.  The interest of appellee garage was that of mortgagee.  Settlement by appellee insurance company was made with appellee garage May 17, 1916, and such appellee garage, having no further interest in the controversy, did not

appear in the trial court, and does not participate in this appeal.

Appellee insurance company, hereinafter designated as appellee, filed an answer in two paragraphs, the first being a general denial, and the second averring failure to file proof of loss within sixty days, as required by statute, and by the policy. Appellant replied in five paragraphs, the first being a general denial; the second averring verbal notice to appellee's local agent, and inspection of the remains by him and by others from appellee's office other than the local office; the third averring notice to the local agent, furnishing of blanks by such local agent, and filling and mailing the same by appellant to appellee within sixty days; the fourth averring notice to appellee by the garage company, settlement with such garage company, and assignment of the garage company's note and mortgage to appellee; and the fifth averring substantially the same facts as the fourth.

There was a trial by the court, without the intervention of a jury, and at the close of appellant's evidence, on motion of appellee, the court found for appellee, and entered judgment accordingly. From this judgment, after her motion for a new trial was overruled, appellant prosecutes this appeal.

The only error assigned and presented is the court's action in overruling the motion for a new trial, which motion presents twenty-eight specifications of error. The only question that we need to consider is whether appellant had forfeited all right to recover under the policy of insurance sued upon, by reason of her failure to file with or furnish to appellee a proof of loss, as required by §4622g Burns 1914, Acts 1911 p. 525, and by the policy, or to prove a waiver of such requirement.

As far as appears by the evidence the local agent of appellee inspected the remains of the automobile the next day, after which time he furnished appellant with blanks for proof of loss. There was no evidence that such local agent had any authority to make adjustment of the loss. It does not appear by the evidence that any other agent or officer of appellee did anything looking to an adjustment of the loss, or that could be construed as a waiver of proof of loss. Settlement with the mortgagee garage about eight months after loss was not a waiver of proofs on the part of appellant. *Hore* v. *Headley* (1896), 54 N. J. Eq. 545, 35 Atl. 445. Appellant

2. offered to prove that the automobile was taken from the place where it was burned to the Fifth Avenue Garage by appellee's local agent, and that it was afterwards disposed of, by whom the evidence does not disclose, nor does the evidence show that such local agent had any authority whatever in the matter. The evidence was properly excluded.

Appellant was permitted to prove that she went to the office of her attorney, Roy E. Ressler, and had proof of loss filled out, and then she signed it.

3. The following question was then propounded to such attorney: "Now, Mr. Ressler, state to the court whether you know what became of the proof of loss after it was signed?" This question was objected to by appellee, and the question was then withdrawn, and the following offer to prove was made: "The plaintiff offers to prove by the witness, if permitted to testify, that after the proof of loss was signed and sworn to by Mrs. Glaser that he took it out and put it in the United States mail, addressed to the defendant insurance company at Freeport, Illinois." Objection to this offer was sustained.

The question having been withdrawn, there was nothing before the court. To save a question on the court's ruling in excluding evidence there must be a pertinent question in the record. *Russel v. Stoner* (1897), 18 Ind. App. 543, 47 N. E. 645, 48 N. E. 650; *Indianapolis, etc., Transit Co.* v. *Hall* (1905), 165 Ind. 557, 76 N. E. 242. The only purpose of such offer was evidently to raise a *prima facie* presumption of the receipt of the proof of loss by appellee.

4. But no such presumption can arise unless it affirmatively appears that the letter was duly stamped. 16 Cyc 1069; *Home Ins. Co.* v.

5. *Marple* (1890), 1 Ind. App. 411, 27 N. E. 633; *Duringer* v. *Moschino* (1884), 93 Ind. 495; *Bankers Mutual Casualty Co.* v. *Peoples Bank., etc.* (1906), 127 Ga. 326, 56 S. E. 429; *Welsh* v. *Chicago Guaranty, etc., Society* (1899), 81 Mo. App. 30. No attempt seems to have been made to prove the contents of such proof of loss, and had such an attempt been made, such evidence could not have been heard, for no steps preliminary to its introduction had been taken. *Home Ins. Co.* v. *Marple, supra; Newton* v. *Donnelly* (1893), 9 Ind. App. 359, 363, 36 N. E. 769. Other objections need not to be considered.

There being no evidence of waiver of proof of loss, and no evidence of the receipt of such proof, the judgment is affirmed.