**Ronald PORTER and Lieselotte Conaway, Appellants–Plaintiffs,**

v.

**IRVIN'S INTERESTATE BRICK & BLOCK, CO., INC., and Arnold Dunse, Jr., Appellees–Defendants.**

No. 49A04–9706–CV–219.

Court of Appeals of Indiana.

March 23, 1998.

Lee C. Christie, Cline Farrell Christie & Lee, Indianapolis, for Appellants–Plaintiffs.

Stephen L. Bola, Hill Fulwider McDowell Funk & Matthews, Indianapolis, for Appellees–Defendants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Ronald Porter (Porter) and Liesilotte Conaway (Conaway) appeal the trial court's grant of summary judgment in favor of Defendants–Appellees Irvin's Interstate Brick (Interstate) and Arnold Dunse, Jr. (Dunse).

We reverse and remand.

### ISSUE

The following issue is dispositive: whether the trial court erred in concluding that Interstate was entitled to summary judgment.

### FACTS AND PROCEDURAL HISTORY

On July 16, Dunse, an Interstate employee, was driving a 1978 International tri-axle truck owned by Interstate. As the truck was proceeding down I–70 West, the drive line fell from the truck and onto the highway. Several vehicles following the truck were involved in a collision.

Porter later filed a complaint alleging that he was operating a vehicle which was involved in the collision caused by the presence of the drive line on the highway and that he and his passenger, Conaway, suffered personal injuries because of the collision. The complaint also alleged, *inter alia*, that Interstate failed to properly maintain, load, and inspect the truck. The complaint further alleged that Dunse failed to properly operate the truck.

Interstate filed a motion for summary judgment, and Porter and Conaway responded. The trial court ultimately granted the motion. Porter and Conaway now appeal.

### DISCUSSION AND DECISION

Summary judgment is appropriate only when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Miller v. Monsanto*, 626 N.E.2d 538, 541

(Ind.Ct.App.1993). The party seeking summary judgment bears the burden of establishing the propriety of the motion. *Gaboury v. Ireland Road Grace Brethren, Inc.*, 446 N.E.2d 1310, 1313 (Ind.1983). "When the movant has established a prima facie lack of any genuine issue of material fact, it is incumbent upon the non-movant to respond by affidavit or other appropriate evidence setting forth specific facts establishing the existence of a genuine issue in dispute." *Miller*, 626 N.E.2d at 541. If the non-movant fails to meet his burden, then summary judgment in favor of the moving party is appropriate. *Id.*

When reviewing a motion for summary judgment, this court stands in the shoes of the trial court. We must liberally construe all designated evidentiary matter in favor of the non-movant and resolve any doubt against the movant. *Femco, Inc. v. Colman*, 651 N.E.2d 790, 792 (Ind.Ct.App.1995).

In support of its motion for summary judgment, Interstate Brick submitted the depositions of Dunse and Bill Terry, the supervisor of truck maintenance. It also submitted its answers to the interrogatories propounded by Porter and Conaway.

In his deposition, Dunse stated that an "explosion" occurred under the truck as it passed over a "hump" in the interstate. He also stated that the drive line fell off the truck after the explosion and that he had never heard of a drive line or drive shaft exploding or coming off. He characterized the incident as a "rare occurrence" and a "one time deal."

In his deposition, Terry stated that the truck was inspected after every ten thousand miles of operation. He theorized that the crossbar broke in the truck's rear differential, causing the housing to break and the drive line to fall from the truck. He opined that the only real way to detect a problem with a rear differential is to remove and disassemble it and to visually inspect the gears. He further opined that this is impossible to do and that "[n]o one does that." He characterized the disintegration of the rear differential and loss of the drive line as a "very unusual occurrence" which had only happened three or four times in his nine year experience as a mechanic.

Porter and Conaway responded to the summary judgment motion by designating portions of Dunse's and Terry's depositions and by filing the affidavit of John S. Neely, a truck mechanic with twenty years experience. In the designated portion of his deposition, Terry stated that he fixed the truck within a week after the collision and that he exchanged the old parts for rebuilt parts. In his affidavit, Neely stated that improper truck maintenance and/or operation could lead to defects that could result in a drive line falling from a truck. Neely also stated that Interstate may have failed to properly lubricate the U-joint bearings during routine maintenance cycles or to properly inspect the clearance in the drive line and the joints in the slip yoke. Neely indicated that a proper inspection could be achieved by "inspecting the old grease to see evidence of metal fatigue in the U-joint, such as discoloration or bits of metal in the grease" and that lack of this type of inspection could result in failure of the U-joint and the attendant disengagement of the drive line. Neely maintained that he was forced to make an assessment based on experience rather than inspection because Interstate did not make the parts available for inspection.

Interstate argues that its designated evidence established that it had done everything reasonably required in maintaining the truck. Interstate further argues that the burden to prove otherwise shifted to Porter and Conaway and that they failed to sustain their burden.

Porter and Conaway argue that Interstate's failure to make the parts available hampered them from responding to Interstate's summary judgment motion. They further argue that Interstate's failure to make the drive line available results in an inference that an inspection of the drive line would have revealed Interstate's negligence in maintaining, loading, and inspecting the truck and Dunse's negligence in its operation.

■ In Indiana, the exclusive possession of facts or evidence by a party, coupled with the suppression of the facts or evidence by that party, may result in an inference that the production of the evidence would be

against the interest of the party which suppresses it. *Westervelt v. National Manufacturing Co.,* 33 Ind.App. 18, 69 N.E. 169, 172 (1903). "While this rule will not be carried to the extent of relieving a party of the burden of proving his case, it may be considered as a circumstance in drawing reasonable inferences from the facts established." *Great American Tea Co. v. Van Buren,* 218 Ind. 462, 33 N.E.2d 580, 581 (Ind.1941). The rule not only applies when a party actively endeavors to prevent disclosure of facts, but also when the party "merely fails to produce available evidence." *Morris v. Buchanan,* 220 Ind. 510, 44 N.E.2d 166, 169 (1942). These cases are directed to a party which has suppressed evidence believed to be in its control at the time of the law suit; however, we see no reason why they should not be applied where the party spoliates evidence prior to the commencement of a law suit that the party knew or should have known was imminent.

 In the present case, the parties apparently agree that the drive line and related parts were not produced because they were not recoverable from the party to whom they were exchanged. Thus, Interstate, which should have known under the circumstances that law suits were imminent, effectively destroyed evidence that was essential to the development of Porter and Conaway's case. Without the spoliated evidence, Porter and Conaway were forced to place into evidence Neely's affidavit based upon experience. This affidavit, coupled with a possible inference against Interstate, is sufficient to create a genuine issue of material fact regarding Interstate's negligence in maintaining, loading, and/or inspecting the truck and regarding Dunse's negligence in its operation. Accordingly, we must reverse the trial court's grant of summary judgment.

Interstate argues that the grant of summary judgment was appropriate because "reasonable care does not require [it] to foresee and guard against that which is unusual and not likely to occur, and failure to do this is not negligence." *See Wells v. Hickman,* 657 N.E.2d 172, 179 (Ind.Ct.App.1995). Interstate maintains that "the incident was not a situation which usually happens or was likely to happen; it was not a reasonably foreseeable harm." Interstate's argument goes to the heart of the genuine issue of material fact in this matter. Interstate's evidence indicates that the incident was rare and nothing could have been done to prevent it, while Porter and Conaway's evidence, coupled with an inference occasioned by spoliation of material evidence, indicates that the reason the incident is rare is because there is something, in the form of proper maintenance and inspection, that could have been done to prevent it. The question is one for the trier of fact; it cannot be resolved as a matter of law.

### CONCLUSION

The trial court erred in granting summary judgment in this matter. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER and NAJAM, JJ., concur.