Najam, Judge, concurring.
[26] I concur, but write separately to emphasize the injustice caused by Dr. Kleinman's failure to maintain adequate and accurate medical records, which prevented the Medical Review Panel from rendering an opinion on the merits of Henderson's medical malpractice claim. As our Supreme Court has acknowledged, "the '[m]aintenance of health records by providers' is ... closely entwined with health care and ... records in general are ... important to a medical review panel's assessment of whether the appropriate standard of care was met." Howard Reg'l Health Sys. v. Gordon , 952 N.E.2d 182, 186 (Ind. 2011). It should follow, then, that a health care provider's failure to maintain documentation of a patient's treatment sufficient to enable a Medical Review Panel to form an opinion on alleged medical malpractice would support a claim against the provider. I urge our Legislature to amend the Act to provide that health care providers have an affirmative duty to maintain adequate and accurate medical records and that a violation of that duty could support a prima facie medical malpractice claim.
[27] A health care provider's failure to maintain adequate and accurate medical records is the functional equivalent of spoliation of evidence. While our courts do not recognize an independent tort claim for first party spoliation of evidence, "[i]n Indiana, the exclusive possession of facts or evidence by a party, coupled with the suppression of the facts or evidence by that party, may result in an inference that the production of the evidence would be *690 against the interest of the party which suppresses it." Porter v. Irvin's Interstate Brick & Block Co. , 691 N.E.2d 1363, 1364-65 (Ind. Ct. App. 1998). Such an inference could defeat a summary judgment motion. See, e.g. , Dawson v. Hummer , 649 N.E.2d 653, 661 (Ind. Ct. App. 1995) (holding where evidence gives rise to conflicting inferences summary judgment is inappropriate).
[28] Here, Dr. Kleinman had exclusive control over the creation of Henderson's medical records, which evidence was a necessary predicate for her medical malpractice claim. The inadequacy of those records is akin to the suppression of evidence and supports an inference that adequate medical records would have been against Dr. Kleinman's interest. As the majority observes, it would be reasonable to assert that a health care provider has an affirmative duty to maintain adequate and accurate records. Such a duty is wholly meaningless without a consequence for a failure to comply. See, e.g. , Shirey v. Flenar , 89 N.E.3d 1102, 1112 (Ind. Ct. App. 2017) (Baker, J., concurring). Here, the Medical Review Panel's inability to evaluate Henderson's malpractice claim due to a "lack of documentation" should be sufficient to withstand Dr. Kleinman's summary judgment motion. Appellant's App. Vol. II at 86. Nonetheless, we must strictly construe the Act, and because Henderson did not designate any evidence to show that Dr. Kleinman's conduct fell below the applicable standard of care, I am compelled to agree with the majority that summary judgment for Dr. Kleinman is required.